**MANATT, PHELPS & PHILLIPS, LLP**
Schuyler G. Carroll
Thomas A. Whittington (*pro hac vice* forthcoming)
Madeline R. Horner (*pro hac vice* forthcoming)
7 Times Square
New York, NY 10036
Tel: (212) 790-4500
Email: scarroll@manatt.com
       twhittington@manatt.com
       mhorner@manatt.com

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **Mouhamadou Aliyu,** | Case No. 26-_____(____) |
| **Debtor.** | |

**DECLARATION OF MOUHAMADOU ALIYU**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2**

I, Mouhamadou Aliyu, under penalty of perjury, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am the debtor and debtor-in-possession herein. I am familiar with the facts and circumstances as recited herein. This declaration is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

2. I am a taxi cab driver. On January 13, 2026 (the "Petition Date"), I filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

404470193.1

3. My chapter 11 filing was precipitated by the massive decrease in value of my New York City Taxi Medallion. I purchased my Taxi Medallion in 2015. Since that time, the value of a New York City Taxi Medallion has declined precipitously and is now around $95,000. In 2017, I refinanced my medallion with a loan in the principal amount of $651,293.00 from OSK, VIII (the "Medallion Loan"). The current principal balance on the Medallion Loan is $626,313.19. I make weekly interest only payments of $500 and my balance has not been reduced for years. I am barely able to make my Medallion Loan payments and soon I will be unable to do so.

4. Filing for Chapter 11 Bankruptcy will allow me to focus on budgeting, debt management and rebuilding my finances rather than a forced liquidation of my assets, including the medallion, from which I derive the majority of my income.

5. As the debtor and debtor-in-possession, I have an immediate need for the income I derived from driving my taxi under my Taxi Medallion license. Without access to the income I earn from driving my taxi, I will be unable to pay for the ordinary operating expenses of being a taxi driver and within weeks will lose my primary source of income.

6. During the COVID pandemic, I took out a U.S. Small Business Administration Disaster COVID-19 Economic Injury small business loan, loan number 7076317906 (the "SBA Loan"). I am unable to make payments on the SBA Loan on top of the Medallion Loan. I recently received a notice from the SBA stating that I must agree to a repayment plan or repay the SBA Loan within sixty (60) days of November 11, 2025, the SBA may refer my debt to the treasury and add interest and collection fees to my unpaid debt.

7. I believe that I can successfully and expeditiously exit chapter 11.

8. Pursuant to LBR 1007-(a)(3), no committee of creditors was formed prior to the Petition Date.

9. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be my twenty largest unsecured creditors, excluding insiders, is simultaneously being filed with the Court.

404470193.1

10. Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of my secured creditors have been listed in my Schedule D which is simultaneously being filed with the Court.

11. Pursuant to LBR 1007-2(a)(6), an approximate summary of my assets and liabilities are set forth in my Schedules A/B, D, and E/F which are simultaneously being filed with the Court.

12. Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of mine in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

13. Pursuant to LBR 1007-2(a)(9), my home and residence at 875 E 18th St. Apt. 1, Bronx, NY 10460 is the only real property owned by me. This property is a three-unit apartment and I rent out two of the apartments for rental income.

14. Pursuant to LBR 1007-2(a)(10), all of my assets and books and records are in my possession or my counsel's possession.

15. Pursuant to LBR 1007-2(a)(l 1 ), to the best of my knowledge and belief, there are no pending or threatened actions or proceedings to which I am a party.

16. Pursuant to LBR 1007-2(b)(3), I anticipate that I will have gross income of approximately $9,024.50 during the thirty (30) day period following the Petition Date, including $6021.50 in income from driving my Taxi and $3,003.00 in rental income from my tenants. My gross business and personal expenses for the same period will be approximately $10,281.83, including $2,000.67 in Medallion Loan payments. An approximate summary of my estimated cash receipts and disbursements, net cash gain or loss and obligations and receivables expected to accrue is set forth in my Schedules A/B, D, and E/F which are simultaneously being filed with the Court.

17. I believe that under the supervision of the Bankruptcy Court, I will be able to pay my creditors significantly more than what they would receive but for the bankruptcy filing.

18. The law firm Manatt, Phelps & Phillips, LLP has agreed to represent me on *pro*

*bono*.

19. I hereby declare, pursuant to 28 U.S.C. § 1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 19, 2026
      Bronx, New York

                                          /s/ *Mouhamadou Aliyu*
                                        Mouhamadou Aliyu
                                        Debtor and Debtor-in-possession

404470193.1